IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RODRIGUEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants.　　　　　　　　　　／ | No. C-08-4645 MMC<br><br>**ORDER GRANTING IN PART AND DEFERRING IN PART DEFENDANT'S MOTION TO DISMISS; DEFERRING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS** |

　　　　Before the Court are defendant City and County of San Francisco's ("City") motion to dismiss, filed March 13, 2009, and plaintiff's application to proceed in forma pauperis, filed October 7, 2008. No opposition to the City's motion to dismiss has been filed. Having read and considered the papers filed in support of the motion, the Court deems the matter appropriate for decision thereon, hereby VACATES the hearing scheduled for May 1, 2009, and rules as follows.

**DISCUSSION**

　　　　1. To the extent plaintiff alleges violations of 42 U.S.C. §§ 1983 and/or 1985 arising out of events that allegedly occurred on April 13, 2003 (see Compl. at unnumbered 2, 4-5), such claims are subject to dismissal for failure to comply with the applicable statute of limitations, see Canatella v. Van De Kamp, 486 F.3d 1128, 1132-33 (9th Cir. 2007) (holding California's statute of limitations "for assault, battery, and other personal injury claims" applies to § 1983 claims) (internal quotation and citations omitted); Cal. Code Civ. Proc. §

335.1 (providing action for "assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another" must be commenced within two years of accrual); see also McDougal v. County of Imperial, 942 F.2d 668, 673-74 (9th Cir. 1991) (holding "suits under § 1985(3) are [ ] best characterized as personal injury actions and are governed by the same statute of limitations as actions under § 1983").

2.  To the extent plaintiff alleges claims under §§ 1983 and/or 1985 arising out of an alleged "[a]lteration of [the] [r]ecord" in a prior state court proceeding (see Compl. at unnumbered 4), such claims are subject to dismissal, for the reason that plaintiff has failed to allege any basis on which any defendant to the above-titled action could be held liable therefor.

3.  To the extent plaintiff alleges claims arising under state law, the Court, in light of the above, will defer ruling until such time as plaintiff either pleads a viable federal claim or the Court determines no such claim can be pleaded.

## CONCLUSION

For the reasons stated above:

1.  To the extent plaintiff alleges claims arising under federal law, the City's motion to dismiss is hereby GRANTED, and such claims are hereby DISMISSED.

2.  To the extent plaintiff alleges claims arising under state law, the Court will defer ruling until such time as plaintiff either pleads a viable federal claim or the Court determines no such claim can be pleaded.

3.  To the extent plaintiff may be able to cure the deficiencies noted in his federal claims, the Court will afford plaintiff an opportunity to file a First Amended Complaint. Any such First Amended Complaint shall be filed no later than May 29, 2009.

4.  The Court will defer ruling on plaintiff's application to proceed in forma pauperis pending plaintiff's filing of a First Amended Complaint, if any.

**IT IS SO ORDERED.**

Dated:  April 28, 2009

MAXINE M. CHESNEY
United States District Judge

2